GReen, X.
delivered the opinion of the court.
We are of opinion that the evidence of Baker was illegal and Wás improperly received. When this case was before tíie court upon a former occasion, (7 Yer. R. 259,) the evidence of this same witness constituted one of the grounds assigned for error. ' In that case this court thought that the testimony was competent, hut the evidence in the record now before us, differs materially from that of the same witness as presented in the record then before the court. In that case, the evidence of Baker as quoted in the opinion of the court, was, <£that Elrod told him at Sparta the evening before the day on which he wás missing, that he was going the next day to the pine mountain, to hunt a salt petre cave.” According to this statement, Elrod was at Sparta on his way to the mountain, and he stated to the witness that he was going there, and the purpose for which he was making the journey. The court held, and we think correctly, that this statement setting forth the place to which he was going,' and his intention in going there was part of the transaction, and as such was admissable. But Baker’s evidence as set forth in the present record, goes much farther than this. In addition to the statement of his own purpose in his journey, he told the witness that he was to go with the defendant next day to the pine mountain, and that the defendant was to show him á salt petre cave. Now how does this statement constitute any part of the thing doing? Whether Kirby was to accompany him or not, could not affect his intentions in going to the mountain, nor could his statement of that fact tend to explain his purpose in going there. His declaration of his own purpose is evidence, because it explains his intentions, and his intentions constitute part of the thing he was doing. He was traveling, and as he was going, he had certain intentions, and as these intentions could only be known by his declaration of them, such declaration is evidence.' But it is impossible that Kirby’s going with him could constitute any part of the thing which he was doing, which was his own journey. We think,- therefore, that this *386 part 0f Baker’s evidence which relates "to Kirby’s intend-f , . , ..... mg to accompany Elrod, was improperly admitted by the court to go to the jury. The evidence of Jesse England was ⅛0 objected to. This witnesses’ statement is in substance such as Baker’s was upon the former occasion,-and’we think was properly admitted .■
The objection which is taken to the proceeding, because there does no-t appear to have been the name of a prosecutor on the indictment, it is not necessary to decide, and we therefore leave it for the action of the court below. The judgment will be reversed, and the prisoner will be remanded to White county, to be proceeded against anew.
Judgment reversed.